UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GREGORY H. BELL,

Plaintiff,

v.

MICHAEL J. ASTRUE,[1]

Defendant.

Case No. C06-44RSL

ORDER REVERSING COMMISSIONER'S DECISION AND REMANDING CASE

## I. INTRODUCTION

This matter comes before the Court on the Report and Recommendation of the Honorable Monica J. Benton, United States Magistrate Judge, plaintiff's objections thereto, and the Commissioner's response to those objections. Having reviewed the administrative record ("Tr.") and the remainder of the record, the Court reverses the Commissioner's decision and remands the case for further administrative proceedings.

## II. DISCUSSION

The Court adopts Magistrate Judge Benton's summary of the facts and procedural background, her analysis regarding the standard of review, and her conclusions regarding the

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security (the "Commissioner").

Administrative Law Judge's ("ALJ") consideration of plaintiff's credibility.[2] The Court writes this opinion to address plaintiff's arguments regarding the ALJ's evaluation of the medical and vocational evidence.

Plaintiff argues that the ALJ erred by rejecting the opinions of two of his treating physicians, Drs. Costello and Dunn. The ALJ did not, as plaintiff claims, reject Dr. Costello's opinion because he was a family practitioner, not a psychiatrist. However, the ALJ gave Dr. Costello's opinion less weight for that reason, which is permissible. The ALJ also noted that Dr. Costello completed a "checklist" form but "offered little explanation for his opinions and little objective information to support his conclusions." Tr. 22. The ALJ therefore provided specific and legitimate reasons, supported by substantial evidence, for giving Dr. Costello's opinion less weight. See, e.g., Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (explaining that an ALJ can reject the opinion of a treating physician that is "brief and conclusory with little in the way of clinical findings to support its conclusions") (internal citation and quotation omitted).

The ALJ also considered Dr. Dunn's opinion in determining plaintiff's residual functional capacity ("RFC") but did not give it controlling weight. Tr. at p. 22. The ALJ explained, "Dr. Dunn's opinion is not dated, and it is not clear when it was offered or how long she had been seeing the claimant at the time it was prepared." Id. Although an ALJ is permitted to give more weight to physicians who treated a claimant for a longer period of time, in this case, the ALJ did not know how long Dr. Dunn had treated plaintiff or when she rendered her opinion. Dr. Dunn's medical records were ambiguous, and the ALJ was therefore required to re-contact her to determine when she rendered her opinions and how long she treated plaintiff. See 20 C.F.R. §§ 404.1512(e), 416.912(e); Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). The failure to do so constituted error.

Plaintiff also argues that the ALJ erred in failing to determine whether he could "perform sustained work activities in an ordinary work setting on a regular and continuing basis." SSR

---

[2] The Court also notes that, contrary to plaintiff's assertion, the ALJ addressed the factors in SSR 96-7p and noted which portion of plaintiff's testimony she found not credible.

96-8p. The ALJ's decision does not contain that analysis, which constitutes error. See, e.g., Reddick v. Chater, 157 F.3d 715, 724 (1998). On remand, the ALJ must explain his analysis on that point and explain how the evidence supports the RFC findings.[3]

Plaintiff also alleges that the ALJ erred in refusing to allow plaintiff's counsel to question the vocational expert during the hearing about the "moderate" limitations identified by the Commissioner's examining physicians. To assess Mr. Bell's ability to perform past relevant work, the ALJ posed a series of hypothetical questions to a vocational expert. These questions included:

1. "This individual is 40 years of age, is a high school level education with two year college education. There are basic skills in reading and that [sic] mathematics. This person has no exertional limitations. This person is able to perform work which requires occasional contact with the public, occasional contact with coworkers, occasional contact with supervisors. Could you identify any of the past work that this hypothetical individual could perform?"

2. "I would like you to presume our basic person. This individual should have no contact with the public and minimal contact with coworkers and a stable work environment. In your opinion could this person perform any of the past work performed by Mr. Bell?"

3. "And if this individual were limited to solitary work ... could you identify any of the past work that this individual could perform?"

Tr. at p. 372-373.

The claimant's attorney then asked the ALJ if she could pose another hypothetical to the vocational expert based on the mental residual functional capacity ("MRFC") assessment completed by the disability determination service ("DDS").[4] Tr. at p. 373. Specifically, the

[3] The Court does not agree with plaintiff's allegation that the ALJ failed to consider the side effects of his medication, including memory deficits. The ALJ noted plaintiff's testimony in that regard, but also found that plaintiff lacked credibility and that the evidence showed that plaintiff's "fund of knowledge is above average and his recall has been noted as 'excellent.'" Tr. at p. 23.

[4] The MRFC consists of three parts completed by a medical consultant. Part I, entitled "Summary Conclusions," requires the consultant to evaluate specific mental and social abilities such as "the ability to ask simple questions or request assistance" by indicating in a check-box whether the claimant is "not significantly limited," "moderately limited," or "markedly limited." Part II is not relevant to this case. Part III, entitled "Functional Capacity Assessment," requires the consultant to "explain [the] summary conclusion [in Part I] in narrative form" and to "[i]nclude any information which clarifies limitation or

attorney wanted to inquire about the abilities for which the claimant was found to be "moderately limited," including: (1) the ability to sustain an ordinary routine without special supervision; (2) the ability to ask simple questions or request assistance; (3) the ability to accept instructions and respond appropriately to criticism from supervisors; (4) the ability to get along with coworkers and peers without distracting them or exhibiting behavioral extremes; and (5) the ability to maintain socially appropriate behavior and adhere to basic standards of neatness and cleanliness." See Plaintiff's Reply Brief at p. 2.

The ALJ denied the attorney's request. In her written decision the ALJ explained:

> Questioning was not permitted because the checklist portion of such form applies to the broad range of work from SVP 1-9, and therefore the rating of "moderate" cannot be understood without interpretation of that term. The medical consultants' functional capacity assessment based on their understanding and interpretation of the degree of limitation within each category is found in the narrative section entitled Functional Capacity Assessment. This is consistent with Social Security Administration policy. TR at p. 25.

The Court finds that the ALJ did not adequately support her decision to prohibit claimant's attorney from questioning the vocational expert about claimant's moderately limited abilities. Even if the ALJ reasonably concluded that "'moderate' cannot be understood without interpretation," she did not explain why the summary conclusions in Part I of the MRFC should be ignored. Although the ALJ explained that the limitations were contained in the narrative section of the form, most of the "moderate" limitations were not included in the narrative. More importantly, the hypothetical questions presented to the vocational expert by the ALJ did not include the "moderate" limitations and therefore did not accurately reflect the claimant's residual functional capacity. Nor did the ALJ give sufficient reasons for rejecting those limitations. Instead, the hypotheticals contained only general limitations regarding the amount of contact with the public, coworkers, and supervisors. According to the Ninth Circuit, "the hypothetical [posed to the vocational expert] must consider all of the claimant's limitations." Light v. Social Security Administration, 119 F.3d 789, 793 (9th Cir. 1997) (alteration in

---

function." See Tr. at p. 161-164.

original); Andrews v. Shalala, 53 F.3d 1035, 1044 (9th Cir. 1995). Where an ALJ has failed to consider all of a claimant's limitations, the court may remand the case to an ALJ for a more comprehensive determination of the claimant's vocational ability. Light, 119 F.3d at 794; Andrews, 53 F.3d at 1044. On remand, the Court instructs the ALJ to question the vocational expert about a hypothetical that includes all of claimant's abilities and limitations that are supported by the record.

The Court may direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose. See, e.g., Swenson v. Sullivan, 876 F.2d 683, 689 (9th Cir. 1989). In this case, however, further proceedings are necessary to reevaluate Dr. Dunn's opinion, including re-contacting her if necessary, to reassess plaintiff's RFC, and to question the vocational expert using a complete hypothetical. After those steps are taken, the ALJ must reevaluate whether plaintiff can perform his past relevant work or other work.

## III. CONCLUSION

The ALJ's decision is not free of legal error. However, an award of benefits would be inappropriate at this stage because outstanding issues remain. Accordingly, the Commissioner's decision is REVERSED, and this matter is REMANDED pursuant to 42 U.S.C. § 405(g) for further administrative proceedings.

DATED this 15th day of March, 2007.

Robert S. Lasnik
United States District Judge